UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KENNETH BYRD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:23-cv-00431-SDN |
| | ) | |
| MOTT MACDONALD GROUP INC., | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT**

In this action, Plaintiff seeks to recover damages from Defendant based on alleged violations of employment and discrimination law during Plaintiff's employment with Defendant.

Plaintiff seeks leave to amend his complaint to assert claims against Defendant under the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), and the Massachusetts Fair Employment Practices Act.[1]  (Motion, ECF No. 28.)  Following a review of the relevant pleadings, and after consideration of the parties' arguments, the Court grants Plaintiff's motion.

---

[1] Through his motion, Plaintiff states that he is seeking an amendment to assert a claim under the "Massachusetts Act Against Discrimination" but through the proposed amended complaint, Plaintiff alleges a claim under the Massachusetts Fair Employment Practices Act. (*Compare* Motion at 1, ECF No. 28 *with* Proposed Amended Complaint, ECF No. 29.)  Plaintiff's motion for leave to amend to assert a state law claim is analyzed under the relevant law for the Massachusetts Fair Employment Practices Act.  The parties appear to agree that under Maine's choice of law rules, Massachusetts law would govern the state law claims.  *See generally DeLeo v. Jones*, No. 2:21-cv-00226-JAW, 2024 WL 1258420, at *13 (D. Me. Mar. 25, 2024) (discussing Maine's choice of law approach).

## BACKGROUND

Plaintiff alleges he worked for Defendant in various roles for twenty-two years. (Proposed Amended Complaint ¶ 14, ECF No. 29.) According to Plaintiff, he worked for Defendant as both an independent contractor and a full-time employee. (*Id.*) Most recently, Plaintiff was a Senior Vice President of Field Services for Defendant. (*Id.* ¶ 13.) Plaintiff asserts that while employed by Defendant, he received positive feedback on his performance, and he annually received high performance bonuses. (*Id.* ¶ 16.)

Plaintiff was diagnosed with cancer in 2020. (*Id.* ¶ 19.) Plaintiff took medical leave when he underwent cancer treatment from December 2020 through 2021. (*Id.*) Plaintiff required treatment beyond his leave period, and he occasionally needed time during business hours to attend medical appointments. (*Id.* ¶¶ 21, 23.) Plaintiff alleges that despite his condition and treatment, he still had a strong performance in sales and business development. (*Id.* ¶ 24; *see also id.* ¶¶ 22, 26–27.)

Plaintiff asserts that on November 30, 2022, he was notified that the Field Services division, and therefore his position as Senior President of the group, would be eliminated as of January 1, 2023.[2] (Reply at 2, ECF No. 31; Amended Complaint ¶ 28.) Defendant then offered him a position as an in-house consultant. (Amended Complaint ¶ 31.) The consultant role was not a salaried position and Plaintiff was only to be compensated for

---

[2] Plaintiff states in his proposed amended complaint that he received notice of the division's elimination in December 2022. (Amended Complaint ¶ 28.) In Defendant's response to the motion for leave to amend, Defendant states this notification occurred "at the latest on November 30, 2022." (Response at 4, ECF No. 30.) In his reply memorandum, Plaintiff states he received notice on November 30, 2022. (Reply at 2, ECF No. 31.) Because the parties agree on the November 30 date, the Court will use it as the date of notification.

billable work. (*Id.*) Plaintiff alleges he was offered the consultant role on a Monday and was required to accept or decline the role by the following Friday. (*Id.* ¶ 33.)

Plaintiff accepted the in-house consultant role which began January 1, 2023. (*See id.* ¶ 34.) Plaintiff alleges that as a consultant, he continued to perform many of the same duties he had performed as Senior Vice President. (*Id.*) Because much of the work that he continued to perform was not billable, Plaintiff was allegedly not compensated for the work he performed. (*Id.*) Plaintiff asserts that the billable assignments he received were "de minimis." (*Id.* ¶ 35.)

Plaintiff alleges that the Field Services division was never eliminated. (*Id.* ¶ 37.) According to Plaintiff, in either late October or early November of 2023, an individual ten to twenty years younger than Plaintiff became Senior Vice President of Field Services for Defendant. (*Id.* ¶¶ 38–40.)

Plaintiff filed a Complaint of Discrimination with both the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission on October 23, 2023. (*Id.* ¶ 12.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(1) permits a litigant to amend a pleading "as a matter of course" subject to certain time constraints. However, when a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required in order to amend the complaint. Fed. R. Civ. P. 15(a)(2). In such a case, the court is to grant leave to amend "freely" when "justice so requires." *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any

apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"). A "futile" amendment is one that "would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). In other words, "if the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend." *Boston & Me. Corp. v. Hampton,* 987 F.2d 855, 868 (1st Cir. 1993).

### DISCUSSION

Defendant argues Plaintiff's proposed amendment would be futile due to Plaintiff's failure to exhaust the available administrative remedies because he failed to file his administrative complaint within 300 days of the alleged act of discrimination. (Response at 3–11.) Plaintiff contends he satisfied the 300-day deadline because the operative date for limitations purposes is January 1, 2023, at the earliest. (Reply at 3.)

Under Massachusetts state law, a plaintiff must first file a complaint with the Massachusetts Commission Against Discrimination "within 300 days after the alleged act of discrimination." Mass. Gen. Laws Ann. ch. 151B, § 5 (West 2024); *Flint v. City of Boston*, 113 N.E.3d 419, 424 (Mass. Appt. Ct. 2018). Similarly, under the ADA and ADEA, a claimant must file an administrative complaint within 300 days of the alleged

4

discriminatory act.[3]  29 U.S.C. §§ 626(d)(1)(B), 633(b); 42 U.S.C. § 2000e-5(e)(1).  When determining whether a complaint is timely, "[t]he proper focus is upon the time of the *discriminatory acts*, not upon the time at which the *consequences* of the acts become most painful."  *Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980) (quoting *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (1979)) (emphasis original).  "Mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination."  *Id.* at 257; *Talbot v. Mobil Corp.*, 46 F. Supp. 2d 468, 470–71 (E.D. Va. 1999) (holding that statute of limitations had expired for demotion despite continued period of employment at defendant company).

Here, Plaintiff filed an administrative complaint jointly with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission on October 23, 2023.  (Motion at 1; Exhibit A at 9.)  The parties agree Plaintiff was notified of his position's elimination on November 30, 2022, 327 days before he filed his administrative complaint.  The fact that Plaintiff might not have realized that his new position was an inadequate replacement until after he started his work in the new role does not change the fact that ordinarily the notification of the loss of his job is the relevant discriminatory act.  *See Delaware*, 449 U.S. at 257–58; *Needham v. Beecham, Inc.*, 515 F. Supp. 460, 466 (D. Me. 1981); *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 750

---

[3] Although ordinarily a charge must be filed within 180 days, "the 180-day period is extended to 300 days in states like Massachusetts that have an antidiscrimination agency (here, the Massachusetts Commission Against Discrimination or 'MCAD') and the aggrieved person has initially instituted proceedings with that agency." *Williams v. Brockton*, 59 F. Supp. 3d 228, 244 (D. Mass. 2014) (quoting *Fletcher v. Tufts Univ.*, 367 F. Supp .2d 99, 107 (D. Mass. 2005)); 42 U.S.C. § 2000e-5(e)(1).

(1st Cir. 1994) ("It is by now well established that, in employment discrimination actions, limitations periods normally start to run when the employer's decision is made and communicated to the affected employee. . . . [T]he plaintiff need not know all the facts that support his claim in order for countdown to commence."); *see also Melendez-Arroyo v. Cutler-Hammer de P.R. Co.*, 273 F.3d 30, 37 (1st Cir. 2001) (quoting *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 749 (1st Cir. 1994)) ("Under federal law the accrual of an employment discrimination claim 'commences when a plaintiff knows, or has reason to know, of the discriminatory act.' A plaintiff could learn of a change in position without appreciating until a later date that it was a serious adverse action."). Absent a tolling of the limitations period, therefore, Defendant's futility argument would arguably prevail.

The doctrine of equitable tolling effectively extends the limitations period. "Equitable tolling is available to a plaintiff where [he] is 'excusably ignorant' of the statutory filing requirements or where [he] is 'affirmatively misled' by defendant." *Hall v. FMR Corp.*, 559 F. Supp. 2d 120, 126 (D. Mass. 2008) (quoting *Davis v. Lucent Techs., Inc.*, 251 F.3d 227, 234 (1st Cir. 2001)); *Thomas v. Eastman Kodak Co.*, 183 F.3d 38, 53 (1st Cir. 1999) ("First Circuit law permits equitable tolling only where the employer has actively misled the employee.").

Citing First Circuit authority, Defendant contends that Plaintiff has waived his ability to benefit from equitable tolling. (Defendant's Sur-reply at 2, ECF No. 34.) Defendant's argument is unpersuasive. In *Morris v. Government Development Bank*, the case Defendant cites, the First Circuit considered whether the equitable tolling issue had been adequately developed in the District Court and thus whether it was an appropriate

argument on appeal. 27 F.3d 746 (1st Cir. 1994). The decision did not involve a waiver in the trial court. This interpretation of *Morris* is evident not only from the context of *Morris*, but from the Court's citation as part of its analysis of the waiver issue to the following quote from *Ryan v. Royal Ins. Co.*, 916 F.2d 731, 734 (1st Cir. 1990): "[I]ssues adverted to *on appeal* in a perfunctory manner, unaccompanied by some developed argumentation, are deemed to have been abandoned." *Morris*, 27 F.3d at 750. (emphasis added). Plaintiff has not waived or abandoned an equitable tolling argument in the trial court. The question is whether Plaintiff's assertions could plausibly support an equitable tolling finding.

Plaintiff contends that when Defendant told him in November 2022 that his division would be eliminated, he had little reason to suspect discrimination. Plaintiff maintains that November 30, 2022, is not the relevant date because it was only after that date that he learned that Defendant's notification was pretextual and a discriminatory act. (Reply at 2-3.)

Courts have recognized that under certain circumstances, actions after the date of a termination or other adverse employment actions can provide grounds for equitable tolling. The court's decision in *Jones v. Dillard's, Inc.*, 331 F.3d 1259 (11th Cir. 2003) is instructive given the facts in this case. In *Jones*, the court found equitable tolling applied where the plaintiff understood her position would be eliminated and she had "only a mere suspicion of age discrimination" until the employer hired another person for her position. 331 F.3d at 1267-68. While the First Circuit has arguably adopted a comparatively narrower view of equitable estoppel in the employment context, the First Circuit has

7

recognized the potential application of the doctrine to employment claims. The Court explained that to prove equitable tolling, an employee "must allege and prove, at the least, not only that he had no reason to be aware of his employer's improper motivation when the putative violation occurred, but also that the employer actively misled him and that he relied on the (mis) conduct to his detriment." *Jensen v. Frank*, 912 F.2d 517, 521 (1st Cir. 1990). The Court also noted that "citing a pretextual basis for discharge may conceivably constitute active misleading in certain instances." *Id.* (citing *Rivera-Gomez v. de Castro*, 843 F.2d 631 (1st Cir. 1988), *opinion after remand*, 900 F.2d 1 (1st Cir. 1990)).)

In this case, Plaintiff's allegations and the reasonable inferences that can be derived from the allegations are that Defendant told Plaintiff that his division and thus his position were eliminated, that in reliance on Defendant's representations, Plaintiff accepted a lesser position and did not file a discrimination claim, and that after some time, Defendant hired a younger person to fill Plaintiff's position, which had not been eliminated. The allegations could plausibly support a finding that Defendant sufficiently misled Plaintiff to sustain an equitable tolling determination. On this record, therefore, the Court cannot conclude that Plaintiff's proposed amendment would be futile.

The finding that the amendment would not be futile, however, is not a determination that equitable tolling in fact applies. Rather, the Court has simply determined that Plaintiff's proposed amendment alleges a plausible claim within the limitations period. The determination of whether equitable tolling in fact applies requires a more developed record, which would most likely be established through an evidentiary hearing. *See Rivera-Gomez v. de Castro*, 900 F.2d 1 (1st Cir. 1990).

## CONCLUSION

Based on the foregoing analysis, the Court grants Plaintiff's motion for leave to amend his complaint, subject to Defendant's right to request an evidentiary hearing on the limitations defense Defendant asserted in response to the motion to amend. Plaintiff shall file the amended complaint on or before January 31, 2025.

## **NOTICE**

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of January, 2025.